UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK LEYSE, Individually and on Behalf of All Others Similarly Situated,<br><br>       *Plaintiff*,<br><br>-against-<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>       *Defendant*. | Civil No. 11-7128 (SDW)<br><br>**CLASS-ACTION**<br>**COMPLAINT**<br><br>RECEIVED<br>NOV 0 5 2011<br>AT 8:30_____M<br>WILLIAM T. WALSH, CLERK |

**PRELIMINARY STATEMENT**

1. The class members in this action comprise all persons residing in the United States to whom Defendant placed certain telephone calls on a residential telephone line, where such telephone calls resulted in a certain type of prerecorded message being played to the recipients, other than Defendant, its officers, employees, representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the present (the "Class Period").

2. The claims in this action arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and the regulation, 47 C.F.R. § 64.1200(a)(2), promulgated thereunder (collectively the "TCPA" unless otherwise indicated). Plaintiffs seek statutory damages, injunctive relief, attorney's fees, and costs and disbursements.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d)(2)(A).

4. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff, Mark Leyse ("Leyse") was and is at all relevant times a citizen of the State of New York.

7. Defendant, Bank of America, National Association ("Bank of America"), was and is at all relevant times herein, a national banking association organized and existing under and by virtue of the National Banking Laws of the United States, and maintains its executive offices at 100 North Tryon Street, Charlotte, North Carolina 28255. Bank of America is a citizen of North Carolina.

## FACTS

8. On or about March 11, 2005, Bank of America placed, to Leyse's residential telephone line, a telephone call with the purpose of notifying Leyse of, and/or promoting to Leyse, the commercial availability of property, goods, or services.

9. The call that Leyse received was made on behalf of Bank of America by DialAmerica Marketing, Inc., a Delaware corporation whose principal place of business is in Mahwah, New Jersey.

10. Upon the answering of the telephone call described in paragraph "8" herein, Bank of America played a prerecorded identification message containing the information set forth in 47 C.F.R. § 64.1200(a)(6).

11. Bank of America placed the telephone call described in paragraphs "8" and "10" herein based upon information, including the names and telephone numbers of said calls' intended recipients, that Bank of America had obtained from one or more credit-reporting agencies.

12. Bank of America arranged that, upon a telephone call being made to the telephone number provided in the prerecorded identification messages described in paragraph "10" herein, the caller would hear the following prerecorded message:

> (i) Thank you for calling about the Bank of America Credit Card.
>
> (ii) If you've already submitted your application, press 1.
>
> (iii) If you have questions about your existing Bank of America Credit Card, press 2.
>
> (iv) To complete your request for a Bank of America Credit Card, press 3.
>
> (v) Press 4 if you would like to speak to a representative in reference to a call you received.

13. The prerecorded message set forth in paragraph "12" herein constitutes an advertisement of the commercial availability of property, goods, or services.

14. The conduct set forth in paragraph "12" herein shows that Bank of America used the prerecorded identification messages set forth in paragraph "10" herein as a pretext to violate 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

15. Employees of Bank of America and/or a third party(ies) acting on behalf of Bank of America, were instructed to encourage, and did so encourage, individuals who called the telephone number left in Bank of America's prerecorded identification messages, regardless of which key, if any, such individuals pressed on their telephones, to apply for a Bank of America credit card.

16. The conduct set forth in paragraph "15" herein shows that Bank of America used the prerecorded identification messages set forth in paragraph "10" herein as pretexts to violate 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

17. Bank of America placed, to at least 10,000 individuals, the telephone calls that are described in paragraphs "8" through "11" herein.

## COUNT I

18. Leyse repeats and realleges each and every allegation contained in paragraphs "1" through "17" inclusive of this Complaint as if fully set forth herein.

19. Defendant's conduct, as set forth above, violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

20. Based upon the foregoing, Plaintiffs are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

21. Based upon the foregoing, Plaintiffs are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Bank of America from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## CLASS ALLEGATIONS

22. This action is brought pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

23. The plaintiffs in this action comprise all persons residing in the United States to whom Defendant placed certain telephone calls on a residential telephone line, based upon information provided by one or more credit-reporting agencies, where such telephone calls resulted in a certain type of message being played to the recipients using a prerecorded message, other than Defendant, its officers, employees, representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the present (the "Class Period").

24. The plaintiffs are so numerous that joinder of all plaintiffs is impracticable.

25. There are at least ten thousand individuals whose claims are similar to Leyse's claims,

and, furthermore, Leyse's claims are typical of the claims of the other Members of the Class. The other Members of the Class have sustained damages arising out of Bank of America's wrongful conduct in the same manner that Leyse has sustained damages arising out of Bank of America's unlawful conduct.

26. Leyse will fairly and adequately protect the interests of the Class. Leyse has no interests that are antagonistic to, or in conflict with, the other Members of the Class. Indeed, Leyse's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all the plaintiffs is impracticable, and because the damages suffered by most of the individual plaintiffs are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for the plaintiffs to adequately address the wrongs complained of herein. Leyse knows of no impediments to the effective management of this action as a class action.

28. Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class are:

>(i) whether Bank of America placed prerecorded calls to residential telephone lines;
>
>(ii) whether Bank of America arranged that, upon a telephone call being made to the telephone number provided in the prerecorded identification message described in paragraph "10" herein, the caller would hear the prerecorded set forth in paragraph "12" herein; and, if so, whether the foregoing constitutes the use of Bank of America's prerecorded identification messages as a pretext to violate 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2);

(iii) whether the prerecorded message made to the telephone number provided in Bank of America's prerecorded identification messages constitutes an advertisement of commercial availability of property, goods, or services;

(iv) whether employees of Bank of America and/or a third party(ies) acting on behalf of Bank of America, were instructed to encourage, and did so encourage, individuals who called the telephone number left in Bank of America's prerecorded identification messages, regardless of which key, if any, such individuals pressed on their telephones, to apply for a Bank of America credit card; and, if so, whether the foregoing constitutes the use of Bank of America's prerecorded identification messages as a pretext to violate 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2);

(v) whether Bank of America willfully or knowingly violated the TCPA;

(vi) whether the Members of the Class are entitled to damages, and, if so, how much; and

(vii) whether the Members of the Class are entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding the Members of the Class statutory damages of $500.00 per violation of 47 U.S.C. § 227(b)(1)(B) and/or 47 C.F.R. § 64.1200(a)(2) pursuant to 47 U.S.C. § 227(b)(3)(B), with interest as allowed by law;

(b) Awarding the Members of the Class up to $1,000.00 of additional statutory damages per violation of 47 U.S.C. § 227(b)(1)(B) and/or 47 C.F.R. § 64.1200(a)(2) pursuant to 47 U.S.C. § 227(b)(3)(C), in addition to the statutory damages prayed for in the preceding demand, if the Court finds that Defendant's violations were made knowingly or willfully, with interest as allowed by law;

(c) Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2); and

(d) Awarding, to the Members of the Class, the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: November 29, 2011

> Yours, etc.,
>
> Mark Leyse
> 120 West 105th St.
> Apt. 3B
> New York, NY 10025
> (212) 662-9058
>
> Plaintiff *Pro Se*
>
> _____
> MARK LEYSE