## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MARK LEYSE, | : | |
| | : | Civil Action No. 11-7128 (SDW)(MCA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BANK OF AMERICA, N.A., | : | |
| | : | July 18, 2012 |
| Defendant. | : | |
| | : | |
| | : | |

**WIGENTON**, District Judge.

Before the Court is Defendant Bank of America, N. A.'s ("Defendant" or "BOA") Motion to Dismiss Mark Leyse's ("Plaintiff" or "Leyse") Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) ("Motion"). This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332(d)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) and 1391(b)(2). This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court grants BOA's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about March 11, 2005, DialAmerica Marketing, Inc. ("DialAmerica") made a telephone call to Mark Leyse's ("Plaintiff" or "Leyse") residential telephone line on behalf of Bank of America, N. A. ("Defendant" or "BOA"). (Compl. ¶¶ 8-9.) The telephone call was directed to Plaintiff's roommate, Genevieve Dutriaux ("Dutriaux"). (Id.) The telephone call Leyse complains of was a prerecorded message which provided

1

a call-back number.  (Compl. ¶ 12.)  Plaintiff alleges that upon dialing the call-back

number, another prerecorded message was prompted regarding a Bank of America Credit

Card.  (Id.)  According to Plaintiff, the following prerecorded message was prompted:

> (i)      Thank you for calling about the Bank of America
>          Credit Card.
> (ii)     If you've already submitted your application, press
>          1.
> (iii)    If you have questions about your existing Bank of
>          America Credit Card, press 2.
> (iv)     To complete your request for a Bank of America
>          Credit Card, press 3.
> (v)      Press 4 if you would like to speak to  a
>          representative in reference to a call you received.

(Id.)

Plaintiff asserts that the prerecorded message "constitutes an advertisement of the

commercial availability of property, goods, or services."  (Id. ¶ 13.)  Leyse further alleges

that the prerecorded messages, which were sent to at least 10,000 individuals, violated the

Telephone Consumer Protection Act ("TCPA"), 47 U.S. C. § 227(b)(1)(B) and 47 C.F.R.

§ 64.1200(a)(2).  (Id. ¶¶ 16-17.)

This is the third class action Leyse and Dutriaux have filed about the March 11,

2005 phone call.  (Def.'s Br. 3.)  On April 12, 2005, Dutriaux filed an action against

Defendant in the Southern District of New York alleging a violation of the TCPA

("Dutriaux Action").  Dutriaux v. Bank of Am., Nat'l Ass'n, No. 05 Civ. 3838 (S.D.N.Y.

filed Apr. 12, 2005).  The Dutriaux Action was stayed pending the resolution of the

appeals in Holster v. Gatco, Inc., 485 F. Supp. 2d 179 (E.D.N.Y. 2007), aff'd, 2008 U.S.

App. LEXIS 23203 (2d Cir. Oct. 31, 2008) and Bonime v. Avaya, Inc., No. 06 Civ. 1630,

2006 U.S. Dist. LEXIS 91964 (E.D.N.Y. Dec. 20, 2006), aff'd, 547 F.3d 497 (2d Cir.

2

2008).[1] Leyse v. Bank of Am., Nat'l Ass'n, No. 09 Civ. 7654, 2010 U.S. Dist. LEXIS 58461, at *1-2 (S.D.N.Y. June 14, 2010). The Dutriaux Action was administratively closed on December 1, 2008. (Leyse Decl. Ex. 4.)

On March 10, 2009, Leyse commenced an action against BOA in the Western District of North Carolina, alleging a violation of TCPA ("North Carolina Action"). (Fioccola Decl. Ex. C); Leyse v. Bank of Am., Nat'l Ass'n, 3:09cv97, 2009 U.S. Dist. LEXIS 86577 (W.D.N.C. Sept. 1, 2009). Plaintiff's allegations were based on the same set of facts and asserted the same claim as the Dutriaux Action. Leyse, 2009 U.S. Dist. LEXIS 86577, at *4. On July 22, 2009, BOA filed a motion to dismiss or transfer the North Carolina Action to the Southern District of New York. Id. at *1. The court granted Defendant's motion and the action was transferred to the Southern District of New York. Id. at *12. In making that determination, the court noted that Leyse's motives for filing the North Carolina action were "thinly veiled" and that "it [wa]s patent from a review of the pleadings that this second action was filed . . . to circumvent New York law, which prohibits class actions that seek to recover statutory penalties unless the statute expressly permits such actions." Id. at *2 (citing N.Y.C.P.L.R. § 901(b)). In addition, the court noted that "plaintiff has engaged in inappropriate forum shopping." Id. at *10.

On September 2, 2009, the North Carolina Action was transferred to Honorable John G. Koeltl, U.S.D.J., in the Southern District of New York ("New York Action").

---

[1] The issue in Holster and Bonnie was whether N.Y.C.P.L.R. § 901(b) barred punitive class actions under the TCPA. Holster, 485 F. Supp. 2d at 185; Bonime, 2006 U.S. LEXIS 91964, at *8. The Second Circuit concluded that TCPA class actions were barred because § 901(b), which is substantive law, must be applied in federal court. Holster, 2008 U.S. App. LEXIS 23203; Bonime, 2008 U.S. App. LEXIS 25840. The Second Circuit's determination on this issue is no longer valid in light of Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010), and its progeny, which hold that class actions brought under TCPA are not barred by § 901(b). See also Holster v. Gatco, Inc., 130 S. Ct. 1575 (2010). This ruling, however, has no bearing on this matter because the application of § 901(b) is not an issue here.

Subsequently, BOA moved to dismiss the complaint on the basis that Leyse did not have standing to bring the action because Dutriaux was the subscriber for the telephone line. Leyse, 2010 U.S. Dist. LEXIS 58461, at *2. The court granted Defendant's motion because "Leyse was not the called party and [thus] lack[ed] standing to seek statutory damages from Bank of America under the TCPA." Id. at *16.

Subsequently, Plaintiff appealed Judge Koeltl's decision. On February 8, 2011, the Second Circuit Court summarily affirmed Judge Koeltl's order. (Leyse Decl. Ex. 3.) On October 3, 2011, the United States Supreme Court denied Plaintiff's petition for *certiorari*. Leyse v. Bank of Am., N.A., 132 S. Ct. 241 (2011).

On December 5, 2011, Plaintiff commenced this action alleging claims identical to the Dutriaux Action and the New York Action and based on the same set of facts. (See generally Compl.) On January 19, 2012, Defendant moved to dismiss Plaintiff's claim. (Docket Entry No. 6). BOA asserts that Plaintiff is barred from commencing another action in the District of New Jersey because of collateral estoppel. (Def.'s Opp'n Br. 8.) Alternatively, Defendant requests that this action be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), if this Court decides not to dismiss the claim. (Id. at 11.)

## LEGAL STANDARD

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief

4

above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief.").

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 233 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). Id. at 679.

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In Fowler v. UPMC Shadyside, the Third Circuit directed district courts to conduct a two-part analysis.  578 F.3d 203, 210 (3d Cir. 2009).  First, the court must separate the factual elements from the legal conclusions.  Id.  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11.  Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 566 U.S. at 679).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234-35).

## DISCUSSION

### 1. Collateral Estoppel

Defendant maintains that collateral estoppel bars Leyse from re-litigating his TCPA claim in this District because it is identical to his claim in the New York Action. (Def.'s Br. 8.)  Leyse, however, contends that he is not precluded from bringing this action because the Second Circuit affirmed Judge Koeltl's dismissal but on the basis that the District Court lacked subject matter jurisdiction.  (Pl.'s Opp'n Br. 2.)  Essentially, Plaintiff argues that the New York Action cannot be a basis for collateral estoppel because the Second Circuit found that Judge Koeltl lacked subject matter jurisdiction. Leyse's argument lacks merit.

Collateral estoppel precludes relitigation of issues decided in a prior action. Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461, 474 (3d Cir.

1997).  Application of collateral estoppel is appropriate when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action, (2) the issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment."  AMTRAK v. Pa. PUC, 288 F.3d 519, 525 (3d Cir. 2002) (alteration in original) (internal quotation marks and citation omitted).

This matter is similar to Agcaoili v. Wiersielis, 273 F. App'x 138 (3d Cir. 2008).  In Agcaoili, the District Court dismissed the complaint for lack of subject matter jurisdiction because the plaintiff had filed an identical complaint in a previous action, which was also dismissed for lack of subject matter jurisdiction.  Id. at 138-39.  The plaintiff appealed.  The Third Circuit concluded that "the principles of *res judicata* [and collateral estoppel] require us to give [the prior action] preclusive effect with respect to the question of subject matter jurisdiction."  Id. at 139.  The court also noted that "the District Court properly dismissed [the plaintiff]'s complaint because [the prior action] precluded the court from exercising jurisdiction over [the plaintiff]'s subsequent suit with the same jurisdictional defect."  Id.

Judge Koeltl dismissed the New York Action because "Leyse was not the called party and [thus] lack[ed] standing to seek statutory damages from Bank of America under the TCPA."  Leyse, 2010 U.S. Dist. LEXIS 58461, at *16.  It is well established that "[a]bsent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims . . . ."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citing Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003)).  Clearly, Judge Koeltl's dismissal of the New York Action for lack of standing is also a dismissal for lack of subject matter jurisdiction.  The Second Circuit

affirmed that determination.  (Leyse Decl. Ex. 3.)  Leyse does not dispute that the call

was made to his roommate's phone line and to his roommate.  Furthermore, he does not

dispute that the present action is based on the same set of facts as the New York Action.

Therefore, the dismissal of the New York Action is binding on this Court.  See Bromwell

v. Mich. Mut. Ins. Co., 115 F.3d 208, 212-13 (3d Cir. 1997) ("A dismissal for lack of

subject matter jurisdiction, while not binding as to all matters which could have been

raised, is, however, conclusive as to matters actually adjudged.") (quoting Equitable

Trust Co. v. Commodity Futures Comm'n, 669 F.2d 269, 272 (5th Cir. 1982) (internal

citations omitted) (internal quotations omitted)).  Accordingly, Plaintiff's claim is barred

under collateral estoppel.

### 2. Statute of Limitations

Although BOA does not raise this issue, this Court finds that Plaintiff's TCPA claim

is time barred.  28 U.S.C. § 1658(a) states, "[e]xcept as otherwise provided by law, a civil

action arising under an Act of Congress enacted after the date of the enactment of this

section may not be commenced later than 4 years after the cause of action accrues."  28

U.S.C. § 1658(a).  In analyzing the applicable statute of limitations for a TCPA claim,

one court noted that § 1658(a) "provides a catchall statute of limitations period of four

years for Acts of Congress not otherwise provided for by law[; however, b]ecause of its

language deferring to state law, courts have construed the TCPA as adopting the relevant

state statutes of limitations."  Weitzner v. Sanofi Pasteur, Inc., Civ. A. No. 3:11-cv-2198,

2012 U.S. Dist. LEXIS 67016, at *23 n.4 (M.D. Pa. May 14, 2012) (citing Giovanniello

v. ALM Media, LLC, 660 F.3d 587, 593 (2d Cir. 2011)).  In New Jersey, "[e]very action

at law for an injury to the person caused by the wrongful act, neglect or default of any

person within this State shall be commenced within [two] years next after the cause of any such action shall have accrued . . . ."  N.J. Stat. Ann. § 2A:14-2(a).  Therefore, under New Jersey law, the Plaintiff had two years to bring his TCPA claim.

On the other hand, other courts have concluded that § 1658(a)'s catchall provision is the appropriate statute of limitations for TCPA claims.  For instance, in Hawk Valley, Inc. v. Taylor, the court concluded that the plaintiff's TCPA claim was "subject to the federal four-year 'catch-all' statute of limitations."  Civ. A. No. 10-cv-00804, 2012 U.S. Dist. LEXIS 47024, at *20 (E.D. Pa. Mar. 30, 2012) (citing § 1658).  See also City Select Auto Sales, Inc. v. David Randall Assocs., Civ. A. No. 11-2658, 2012 U.S. Dist. LEXIS 16118, at *2-3 (D.N.J. Feb. 7, 2012) ("[A] four-year statute of limitations applies to actions under the Telephone Consumer Protection Act."); Zelma v. Konikow, 379 N.J. Super. 480, 486, 488 (App. Div. 2005) (noting that "the use of state limitation periods based on analogous causes of action under state law would complicate not facilitate [the] pursuit of the private TCPA remedy[,]" and holding that the four-year statute of limitations provided by § 1658 applied to TCPA actions in the courts of this State).

Leyse's cause of action is barred under either statutory period.  Plaintiff's cause of action accrued on March 11, 2005.  Under the two-year statutory period, Plaintiff was required to commence this action by March 11, 2007.  Alternatively, under the four-year statute of limitations, Leyse had to initiate this action by March 11, 2009.  Plaintiff did not commence this action until December 5, 2011.  (See Docket Entry No. 1.)

Furthermore, Plaintiff's cause of action is not subject to tolling.  In Am. Pipe & Constr. Co. v. Utah, the Court held that in a class action lawsuit, "where class action status has been denied . . . the commencement of the original class suit tolls the running

of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."   414 U.S. 538, 552-53 (1974).  The Court explained that "the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to <u>all asserted members of the class who would have been parties had the suit been permitted to continue as a class action</u>."   <u>Id.</u> at 554 (emphasis added).  Subsequently, the Supreme Court expanded its holding and concluded that a class action "<u>remains tolled for all members of the putative class until class certification is denied</u>."   <u>Crown, Cork & Seal Co. Inc. v. Parker</u>, 462 U.S. 345, 354 (1983) (emphasis added); <u>see</u> <u>also</u> <u>City Select Auto Sales, Inc.</u>, 2012 U.S. Dist. LEXIS 16118, at *7 ("[tolling] applies not only to subsequent intervention or the filing of separate suits, but also to subsequent class action relief sought by the unnamed class members," when a claim cannot proceed as a class action) (citing <u>Yang v. Odom</u>, 392 F.3d 97 (3d Cir. 2004)).

According to the Third Circuit, <u>American Pipe</u> and <u>Parker</u> "appl[y] to an intervenor as a proposed lead plaintiff in a later class action where the district court had, in a prior class action, declined 'to certify a class for reasons unrelated to the appropriateness of the substantive claims for certification.'"   <u>Yang v. Odom</u>, 392 F.3d at 104 (quoting <u>McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.</u>, 295 F.3d 380, 389 (3d Cir. 2002)).  In <u>McKowan</u>, the Third Circuit concluded that because the district court had rejected the putative class on typicality and adequacy requirements and not on commonality or numerosity grounds, the intervening class representative was not "attempting to resuscitate a class that a court ha[d] held to be inappropriate as a class

action," and therefore, there was "no good reason why class claims should not be tolled where the district court had not yet reached the issue of the validity of the class." McKowan, 295 F.3d at 386, 389.  Subsequently, in Yang, the Third Circuit extended McKowan "to [all] would-be class members who file a class action following the denial of class certification due to Rule 23 deficiencies of the class representative."  392 F.3d at 104 (emphasis added).  In conjunction, the Yang court declined to extend American Pipe and Parker "to sequential class actions where the earlier denial of certification was based on a Rule 23 defect in the class itself."  Id.

Applying American Pipe, Parker, McKowan and Yang, this Court concludes that tolling is inapplicable here because the class was never presented for certification in either the Dutriaux or the New York Action.  This Court acknowledges that the court in In re Westinghouse Securities Litigation remarked that the "dismissal of an entire civil action is about as 'definitive' a disposition of a motion for class certification as one is likely to find."  982 F.Supp. 1031, 1035 (W.D. Pa 1997).  However, another court addressing the same issue concluded that "[d]ismissal of a claim is not akin to a ruling on class certification.  The two concepts are entirely separate and distinct.  Whether class treatment is appropriate is wholly independent of whether a claim succeeds on the merits."  In re Vertrue Mktg. & Sales Practices Litig., 712 F. Supp. 2d 703, 717 (N.D. Ohio 2010).  This Court finds In re Vertrue Mktg. & Sales Practices Litig.'s position more persuasive.

Additionally, the purpose of tolling the statute of limitations is to protect the interests of unnamed class members during the class certification period of the class action.  See McKowan, 295 F.3d at 384 ("If the claims of unnamed plaintiffs were not

tolled, claimants would have an incentive to file claims themselves to protect their causes of action, 'precisely the multiplicity of activity which Rule 23 was designed to avoid.'") (quoting Am. Pipe & Constr. Co., 414 U.S. at 554); see also City Select Auto Sales, Inc., 2012 U.S. Dist. LEXIS 16118, at *5 ("The Supreme Court [provided the tolling mechanism because it] was concerned that letting the statute run would require potential class members to safeguard their rights by intervening or filing separate actions even while the potential class action was pending . . . .") (emphasis added) (citing Am. Pipe & Constr. Co., 414 U.S. at 554).  Here, that same concern does not exist.  The Supreme Court did not intend for the tolling mechanism to protect individuals like Leyse, who initiated the class action and was a named member of the class.  In Salazar-Calderon v. Presidio Valley Farmers Ass'n, the court noted that there is "no authority for [the] contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely."  765 F.2d 1334, 1351 (5th Cir. 1985), cert. denied, 475 U.S. 1035 (1986).  See also Andrews v. Orr, 851 F.2d 146, 149 (6th Cir. 1988), abrogated in part on other grounds, 455 F. App'x 606 (6th Cir. 2012) ("[T]he pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class.")  As Justice Powell noted in Parker, "[t]he tolling rule . . . is a generous one, inviting abuse."  462 U.S. at 354 (Powell, J., concurring).  Tolling the statute of limitations in this case would be an example of such abuse.


## CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED.

s/Susan D. Wigenton, U.S.D.J.

cc:  Madeline Cox Arleo, U.S.M.J.