NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK LEYSE, Individually and on Behalf of All Others Similarly Situated | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 11-7128 (SDW) (MCA) |
| BANK OF AMERICA, NATIONAL ASSOCIATION, | : : : | **OPINION** |
| Defendant. | : : : | |

**WIGENTON,** District Judge

This matter comes before the Court on the motion of Defendant Bank of America, National Association's ("Bank of America") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)(1)" and "Rule 12(b)(6)"). (Dkt. No. 23-1). Bank of America moves alternatively to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (Id.) Plaintiff Mark Leyse, individually and on behalf of all others similarly situated ("Leyse"), opposes this motion. (Dkt. No. 25). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. After considering the papers submitted in connection with this motion, for the reasons set forth herein, and for good cause shown, Defendant's motion to dismiss is **GRANTED**.

1

I.      BACKGROUND

This is the third United States District Court in which Plaintiff Mark Leyse ("Leyse") or his roommate, Genevieve Dutriaux ("Dutriaux"), have filed a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(B), and the regulation 47 C.F.R. § 64.1200(a)(2) promulgated thereunder (collectively, the "TCPA") based on a single phone call made on March 11, 2005 by DialAmerica Marketing, Inc. ("DialAmerica") on behalf of Bank of America to Leyse and Dutriaux's residential telephone line.  (Dkt. No. 1, Compl., at ¶¶ 8, 9).

On April 12, 2005, Dutriaux filed a putative class action under the TCPA in the Southern District of New York before Judge Koeltl.  See Dutriaux v. Bank of Am., N.A., No. 05-cv-3838 (S.D.N.Y.).   Dutriaux alleged that on March 11, 2005, she received a phone call from DialAmerica on behalf of Bank of America in violation of the TCPA. After exchanging initial discovery requests and document productions, Dutriaux filed a Second Amended Complaint and Bank of America moved to dismiss.  Id.  Judge Koeltl denied Bank of America's motion without prejudice and stayed the Dutriaux action pending appeals in two related cases.[1]  (See Dkt. No. 23-2, Declaration of David Fioccola ("Fioccola Decl."), Ex. A).  While the appeals were pending, the Dutriaux action was administratively closed on December 1, 2008.  (See Dkt. No. 23-2, Fioccola Decl., Ex. B).

---

[1] The Dutriaux action was stayed pending the resolution of the appeals in Holster v. Gatco, Inc., 485 F. Supp. 2d 179 (E.D.N.Y. 2007), aff'd, 2008 U.S. App. LEXIS 23203 (2d Cir. Oct. 31, 2008) and Bonime v. Avaya, Inc., No. 06 Civ. 1630, 2006 U.S. Dist. LEXIS 91964 (E.D.N.Y. Dec. 20, 2006), aff'd, 547 F.3d 497 (2d Cir. 2008).  The issue in Holster and Bonnie was whether N.Y.C.P.L.R. § 901(b) barred punitive class actions under the TCPA. Holster, 485 F. Supp. 2d at 185; Bonime, 2006 U.S. LEXIS 91964, at *8.  This ruling, however, has no bearing on this matter because the application of § 901(b) is not an issue here.

On March 10, 2009, while the stay in Dutriaux was still in effect, Leyse—represented by the same counsel as Dutriaux—filed his own putative class action complaint against Bank of America in the Western District of North Carolina alleging that Bank of America violated the TCPA.  See Leyse v. Bank of Am., N.A., No. 3:09-cv-97 (W.D.N.C. Mar. 10, 2009) ("Leyse I").[2]  Leyse's complaint alleged an identical cause of action, based on an identical set of facts, as the Dutriaux complaint:  Mr. Leyse alleged that the same March 11, 2005 phone call by DialAmerica on behalf of the Bank of America to the residence that he shared with Dutriaux violated the TCPA.  Id.  The Leyse I Complaint is virtually identical to the Second Amended Complaint filed in the Dutriaux action. (Compare Fioccola Decl., Ex. D with Fioccola Decl., Ex. E.); see also Leyse, 2010 U.S. Dist. LEXIS 58461, at *4-5.  Bank of America successfully moved to transfer Leyse I to the Honorable John G. Koeltl, U.S.D.J., in the Southern District of New York.  Leyse, 2009 U.S. Dist. LEXIS 86577, at *10.  In granting Bank of America's motion to transfer, Judge Howell found that Leyse had engaged in "blatantly inappropriate" forum shopping and an attempt to evade the issues that triggered the stay in Dutriaux.  Id.

Subsequently, Bank of America moved to dismiss the complaint on the basis that Leyse did not have standing to bring the action because Dutriaux was the subscriber for the telephone line.  Leyse, 2010 U.S. Dist. LEXIS 58461, at *2.  On June 14, 2010, Judge Koeltl dismissed Leyse I finding that Leyse lacked standing as a "called party" under the

---

[2] "Leyse I" refers to both the claims and proceedings in Leyse v. Bank of America, N.A., No. 3:09-cv-97, 2009 U.S. Dist. LEXIS 86577 (W.D.N.C. Sept. 1, 2009), which transferred Mr. Leyse's action to the Southern District of New York, and the claims and proceedings in Leyse v. Bank of America, N.A., No. 09-cv-7654, 2010 U.S. Dist. LEXIS 58461 (S.D.N.Y. June 14, 2010), which ultimately dismissed Leyse's complaint against Bank of America. (See Fioccola Decl., Exs. A & B).

3

TCPA.  See Leyse, 2010 U.S. Dist. LEXIS 58461, at *16.  Judge Koeltl found that the uncontroverted evidence demonstrated that Dutriaux, not Leyse, was the intended recipient of the March 11, 2005 call.  Id. at *11-12.  Judge Koeltl further found that Leyse's action "ha[d] the whiff of the inappropriate" considering the same facts and cause of action were being contested in Dutriaux's litigation.  Id. at *17.  Because Plaintiff lacked standing, the District Court did not address alternative grounds for dismissal, including C.P.L.R. § 901(b).  Leyse appealed Judge Koeltl's decision to the Second Circuit Court of Appeals.  On October 29, 2010, while Leyse's appeal from dismissal was pending, Bank of America moved to dismiss the appeal on the ground that the Court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act because, under then-binding case law, maintenance of the action on a class-action basis was precluded by the CPLR.  See Leyse v. Bank of Am., N.A., 2d Cir., No. 10-2735, Dkt. No. 48-2.  On February 8, 2011, the Second Circuit, "constru[ing] the motion as seeking summary affirmance of the district court's order," granted the motion.  Id., Dkt. No. 78.  On October 3, 2011, the United States Supreme Court denied Leyse's petition for certiorari.  See Leyse v. Bank of Am., N.A., 132 S. Ct. 241 (2011).

Finally, on December 5, 2011, Leyse, now proceeding pro se, filed this putative class action Complaint in the District of New Jersey ("Leyse II").  Leyse again alleges the same claims, based on the same set of facts and same theory of liability as the complaint in Leyse I and the second amended complaint in Dutriaux—that Bank of America violated the TCPA, 47 U.S.C. § 227(b)(1)(B).  (Compare Fioccola Decl., Ex. E with Fioccola Decl., Ex. F).  On January 19, 2012, Bank of America moved to dismiss pursuant to Rule 12(b)(6) contending that Leyse was collaterally estopped from raising his TCPA claims.  On July

4

18, 2012, this Court granted Bank of America's motion to dismiss with prejudice, ruling that Leyse's claim was barred under the doctrine of collateral estoppel because Judge Koeltl had previously dismissed the exact same case for lack of subject matter jurisdiction. Leyse v. Bank of Am., N.A., No. 11-7128 (SDW), 2012 U.S. Dist. LEXIS 100269, at *12 (D.N.J. July 18, 2012). This Court also held that the Complaint was time-barred. Id. at *14.

Plaintiff appealed the Court's decision to the Third Circuit. (Dkt. No. 17). On April 24, 2013, the Third Circuit affirmed the Court's order dismissing Leyse II based on collateral estoppel. Leyse v. Bank of Am., N.A., No. 12-3249, 2013 U.S. App. LEXIS 8297 (3d Cir. Apr. 24, 2013). On October 3, 2013, the Third Circuit granted Leyse's petition for rehearing and vacated the Third Circuit's prior opinion and judgment. See Leyse, 3d Cir., No. 12-3249. On October 4, 2013, the Third Circuit vacated this Court's dismissal of the Complaint, holding that collateral estoppel does not bar the action because "[t[he Second Circuit's summary affirmance in Leyse I does not explicitly state the reason for the affirmance." Leyse v. Bank of Am., N.A., 538 F. App'x 156, 158-59 (3d Cir. 2013). The Third Circuit explained that "[h]ere, there is at least some ambiguity as to whether the Second Circuit's summary affirmance rested on the 'called party' ground or on an issue of state law." Id.

Bank of America now moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Dkt. No. 23-1). First, Bank of America alleges that Leyse lacks statutory standing as a "called party" under the TCPA. Second, Bank of America alleges that Leyse has failed to state a cognizable claim under the TCPA. Third, Bank of America contends that the action can be dismissed under the "first-filed" rule because a nearly identical action initiated by

5

Dutriaux is still pending in the Southern District of New York. Alternatively, if the Court does not dismiss this action, Bank of America seeks to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (Id.)

## II.     DISCUSSION

As previously noted, the instant motion to dismiss is premised both on Rules 12(b)(1), for lack of subject matter jurisdiction based on standing, and 12(b)(6), for failure to state a claim. Defendant claims that the court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) because Plaintiff lacks statutory standing. Questions of statutory standing, however, are properly evaluated under Rule 12(b)(6), not Rule 12(b)(1), because it does not implicate the court's statutory or constitutional power to adjudicate cases. See Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim."); Maio v. Aetna, Inc., 221 F.3d 472, 482 n.7 (3d Cir. 2000) (distinguishing challenge to plaintiff's standing for lack of injury in fact, which implicates subject matter jurisdiction under Article III and thus falls under Rule 12(b)(1), from a challenge concerning whether a plaintiff meets statutory prerequisites to bring suit). Accordingly, despite Defendants' mischaracterization of the issue, this Court will analyze Defendant's challenge to Leyse's statutory standing under the standards applicable to Federal Rule of Civil Procedure 12(b)(6).[3] As such, for purposes of this ruling, this Court accepts as true the facts alleged

---

[3] Plaintiff claims that Defendants previously sought dismissal pursuant to Rule 12(b)(6) and are improperly seeking to do so again. Federal Rule of Civil Procedure 12(g)(2) ("Rule 12") provides that "a party that makes a motion under . . . [R]ule [12] must not make another motion under . . . [R]ule [12] raising a defense or objection that was available to the party but omitted from its earlier motion . . . [e]xcept as provided in Rule 12(h)(2) or

6

in the Complaint and draws all reasonable inferences in Plaintiff's favor. Cohen v. Horizon Blue Cross Blue Shield of N.J., No. 2:13-CV-03057, 2013 U.S. Dist. LEXIS 153438, at *13 (D.N.J. Oct. 25, 2013) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

Defendants contend that Leyse lacks statutory standing under the TCPA because he is not a "called party" within the meaning of § 227(b)(1)(B). As a general matter, "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). The Third Circuit has explained:

> Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded this injured plaintiff the right to sue the defendant to redress his injury. To answer the question, we employ the usual tools of statutory interpretation. We look first at the text of statute and then, if ambiguous, to other indicia of congressional intent such as the legislative history.

Graden v. Conexant Sys. Inc., 496 F.3d 291, 295 (3d Cir. 2007) (citing In re Mehta, 310 F.3d 308, 311 (3d Cir. 2002)).

---

(3)." Defendant's current motion to dismiss under Rule 12(b)(6), however, is procedurally appropriate here. See Walzer v. Muriel Siebert & Co., Inc., No. 04-5672, 2010 U.S. Dist. LEXIS 115245, at *32-33 (D.N.J. Oct. 28, 2010). In Walzer, the court explained that "a Court may consider [successive motions to dismiss] in cases where it did not examine the substance of the plaintiff's claims on the previous motion to dismiss." Id. (citation omitted) (emphasis added). The court explained that it had originally dismissed plaintiff's claims on the grounds that they were barred by res judicata and did not examine the substance of the pleadings. Id. The Walzer Court then held that "Rule 12(g)(2) did not bar the Defendants from arguing after remand from the Court of Appeals that [plaintiff] had failed to state a claim under federal law." Id. Here, the previous Motion to Dismiss was grounded in collateral estoppel, a decision that was vacated and remanded by the Third Circuit. Accordingly, because the substance of Plaintiff's claims were not examined, the present motion is appropriate.

7

The TCPA was "[e]nacted in 1991 as part of the Federal Communications Act" to "deal with an increasingly common nuisance-telemarketing." ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 514 (3d Cir. 1998). The TCPA provides a private cause of action "to a person or entity," 47 U.S.C. § 227(b)(3), but "Congress made clear in subsections (A) and (B), that the private right of action must be based on a violation of the TCPA." Cellco P'ship v. Dealers Warranty, LLC, No. 09-1814, 2010 U.S. Dist. LEXIS 106719, at *9 (D.N.J. Oct. 4, 2010) (Wolfson). Thus, statutory standing to bring a private cause of action under the TCPA requires reference to the prohibited acts. Id. The section allegedly violated by Defendants provides that it is unlawful for any person within the United States

> to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission, "FCC"] under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B) (emphasis added).

Neither party cites, and this Court could not find, any Third Circuit precedent addressing the issue of standing as it relates to claims brought pursuant to § 227(b) of the TCPA. Significantly, the statute does not define the term "called party." As Defendants interpret the TCPA, only the "intended recipient" of an automated phone call, in this case, Dutriaux, has standing to sue. Thus, Defendants conclude that Leyse lacks statutory standing to bring this claim because he was an unintended and incidental recipient of the call. Plaintiff, on the other hand, contends that standing under the TCPA is not limited to the "intended recipient" but rather to any "person or entity" who receives a call.

Whether any person, as opposed to an intended recipient, has standing to bring a claim under the TCPA remains unsettled. However, a district court within this Circuit

8

explained that "[a] burgeoning body of case law establishes that only the 'called party,' i.e., the 'intended recipient,' has statutory standing to bring suit under the TCPA." Cellco P'ship v. Wilcrest Health Care Mgmt., No. 09-3534, 2012 U.S. Dist. LEXIS 64407 (D.N.J. May 8, 2012); see, e.g., Cellco, 2010 U.S. Dist. LEXIS 106719, at *10 (concluding that "it is the intended recipient of the call that has standing to bring an action for a violation of § 227(b)(1)(A)(iii)")[4]; Leyse v. Bank of Am., No. 09-7654, 2010 U.S. Dist. LEXIS 58461, at *4 (S.D.N.Y. June 14, 2010) (holding that only the intended recipient of a telemarketing call could pursue TCPA claim); Kopff v. World Research Grp., LLC, 568 F. Supp. 2d 39, 40-42 (D.D.C. 2008) (finding administrative assistant who retrieved unsolicited fax addressed to the president of the company did not have standing to bring suit under the TCPA because she was not the intended recipient). Some courts disagree with this interpretation.[5]

---

[4] The court in Cellco dealt with a different factual scenario but its conclusion is helpful to this Court's analysis. For instance, in Cellco, Judge Wolfson explained that:

> The approach taken by the courts in Leyse and Kopff is in accord with the statutory scheme. The statutory scheme simply cannot support an interpretation that would permit any 'person or entity' to bring the claim for a violation, regardless of whether that person or entity was the called party (i.e., the intended recipient of the call). Under such an interpretation, the exception contemplated by Congress in § 227(b)(1)(A) for calls made with 'the prior express consent of the called party' would be rendered meaningless. Accordingly, this Court finds that under the statute's plain meaning, it is the intended recipient of the call that has standing to bring an action for a violation of § 227(b)(1)(A)(iii).

2010 U.S. Dist. LEXIS 106719, at *34.

[5] Some courts, on the other hand, hold that "any person or entity" has statutory standing to bring suit under the TCPA. See, e.g., Anderson v. ANFI, Inc., No. 10-4064, 2011 U.S.

9

This Court, however, turns to the analysis in Leyse I for guidance, where the court addressed the issue of standing in an identical action. In Leyse I, the court held that "Leyse is not a 'called party' within the meaning of § 227(b)(1)(B)." Leyse, 2010 U.S. Dist. LEXIS 58461, at *10.[6] The court explained that:

> The uncontroverted evidence shows that DialAmerica, the entity that placed the call on behalf of Bank of America, placed the call to Dutriaux, Leyse's roommate and the telephone subscriber. DialAmerica's records demonstrate that it associated the phone number with Dutriaux, not with Leyse. To the extent that Leyse picked up the phone, he was an unintended and incidental recipient of the call.

Id. at *10-11.[7] In making his decision, Judge Koeltl relied on Kopff v. World Research Grp., LLC, 568 F. Supp. 2d 39 (D.D.C. 2008). In Kopff, the defendants addressed a fax

---

Dist. LEXIS 51368 (E.D. Pa. May 11, 2011) (finding plaintiff had standing when repeatedly called by defendant, attempting to collect a debt owed by an individual with no connection to plaintiff or plaintiff's phone number); Kane v. Nat'l Action Fin. Servs., No. 11-cv-11505, 2011 U.S. Dist. LEXIS 141480 (E.D. Mich. 2011) (finding plaintiff had standing to bring suit under TCPA where his phone number was called by debt collector several hundred times attempting to collect debt of another person he does not know). These cases are factually distinguishable from the case at bar.

Finally, other courts reject the "intended recipient" and "any person or entity" interpretation, and conclude that the TCPA is intended to protect telephone subscribers. See Gutierrez v. Barclays Group, No. 10-cv-1012, 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011); Olney v. Progressive Cas. Ins. Co., No. 13-2058, 2014 U.S. Dist. LEXIS 9146 (S.D. Ca. Jan. 24, 2014); Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. Ill. 2012) ("We conclude that "called party" in §227(b)(1) means the person subscribing to the called number at the time the call is made.").

[6] Specifically, Judge Koeltl dismissed the case for lack of subject matter jurisdiction finding that Leyse lacked Article III standing. Leyse, 2010 U.S. Dist. LEXIS 58461. However, his analysis is instructive here.

[7] Recently, a court within this District relied on Judge Koeltl's decision in Leyse and explained that: "[w]hile this Court did not uncover, nor do the parties point to, any case law in this Circuit addressing the issue of who has standing to assert a claim under the TCPA, recently in Leyse v. Bank of America, No. 09-7654 (JGK), 2010 U.S. Dist. LEXIS 58461, 2010 WL 2382400, *4 (S.D.N.Y. Jun. 14, 2010), a court within the Southern District of New York examined § 227(b) to ascertain whether a defendant's alleged

10

advertisement to Mr. Kopff, the president of a business, and sent the advertisement to the fax number on the business' letterhead.  Id. at 42.  The court concluded that Mr. Kopff's administrative assistant/wife did not have standing to bring a claim under the TCPA simply because she picked up the fax from the office fax machine.  Id.

In line with that reasoning, Judge Koeltl found that "while the prerecorded message did not address Dutriaux by name and it was Leyse who allegedly answered the phone, Dutriaux was the intended recipient of the call because it was Dutriaux whose name was associated with the telephone number in DialAmerica's records."  Leyse, 2010 U.S. Dist. LEXIS 58461, at *11-12.  The Court held that Leyse lacked standing because "he was an unintended and incidental recipient of the call."  Id. at *11, *16.  Judge Koeltl reasoned that:

> If any person who receives the fax or answers the telephone call has standing to sue, then businesses will never be certain when sending a fax or placing a call with a prerecorded message would be a violation of the TCPA. Under the statute, a business is permitted to send a fax or phone call with a prerecorded message to persons who have given prior express consent or with whom the business has an existing business relationship. See 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(2)(iv). When a business places such a call or sends such a fax, it does not know whether the intended recipient or a roommate or employee will answer the phone or receive the fax. If the business is liable to whomever happens to answer the phone or retrieve the fax, a business could face liability even when it intends in good faith to comply with the provisions of the TCPA.

Id. at *12-13.  Both Leyse I and Kopff were based on situations where a telemarketer or other commercial party calls or sends a fax to the correct residential number, but the wrong

---

violation was indeed an invasion of the plaintiff's legally protected interest such that the plaintiff suffered an injury in fact sufficient for standing."  Cellco P'ship v. Dealers Warranty, LLC, No. 09-1814, 2010 U.S. Dist. LEXIS 106719, at *31-33 (D.N.J. Oct. 4, 2010).

person (a roommate, or spouse of the intended recipient) actually receives the communication. In those cases, the courts reasoned that to hold business callers liable for unintended communications would exponentially expand the number of potential plaintiffs and would unfairly impose liability on such callers when acting in good faith to comply with the provisions of the TCPA.

This Court agrees with the well-reasoned decision of Judge Koeltl and finds that the TCPA cannot be construed as broadly as Plaintiff suggests. Here, the facts demonstrate that Defendants were attempting to contact Dutriaux, not Leyse. Although Leyse answered the call, he was an unintended and incidental recipient of a properly-directed communication to someone else. On these facts, the court's concern in Leyse I that when unintended recipients of a communication have standing, "a business could face liability even when it intends in good faith to comply with the provisions of the TCPA" is valid. This Court finds that Leyse is not a "called party" under the TCPA and thus lacks standing to bring this suit.

### III.     CONCLUSION

Because Plaintiff has failed to adequately demonstrate that he has standing to bring this suit, this Court **GRANTS** Defendant's motion to dismiss (Dkt. No. 23-1).

DATE: September 8, 2014                    /s/ Susan D. Wigenton
                                           **UNITED STATES DISTRICT JUDGE**

Cc:   Clerk's Office
      All Parties
      File