NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK LEYSE, and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br>      Defendant. | Civil Action No. 11-07128 (SDW)(SCM)<br><br><br><br>OPINION<br><br><br><br>October 11, 2016 |

**WIGENTON,** District Judge.

Before this Court is Defendant Bank of America, National Association's ("Defendant") Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Bank of America's Motion is **DENIED**.

**I.  BACKGROUND**

Plaintiff Mark Leyse ("Plaintiff") filed the Complaint in this case on December 5, 2011. (Dkt. No. 1.) The Complaint alleges, on behalf of Plaintiff and all others similarly situated, that Defendant Bank of America, National Association, violated Section 227(b)(1)(B) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (*See generally* Compl.) More specifically, the Complaint alleges that on March 11, 2005, DialAmerica Marketing, Inc., made a single phone call on behalf of Defendant to Plaintiff's residential phone line. (Compl. ¶¶ 8-9.) Plaintiff further alleges that "[u]pon the answering of the telephone call . . . [Defendant] played a

1

prerecorded identification message containing the information set forth in [47 C.F.R. § 64.1200(a)(7)(i)]."[1] (Compl. ¶ 10.) Although 47 C.F.R. § 64.1200(a)(7)(i) provides an exemption to liability under the TCPA for telemarketing calls that contain, *inter alia*, "a telephone number . . . that permits the called person to make a do-not-call request," Plaintiff contends that when he called the telephone number Defendant provided in the prerecorded message, Defendant played another recording, which stated:

(i) Thank you for calling about the Bank of America Credit Card.
(ii) If you've already submitted your application, press 1.
(iii) If you have questions about your existing Bank of America Credit Card, press 2.
(iv) To complete your request for a Bank of America Credit Card, press 3.
(v) Press 4 if you would like to speak to a representative in reference to a call you received.

(Compl. ¶ 12.) Moreover, Plaintiff alleges that Defendant's representatives encouraged anyone who called the telephone number Defendant provided in the initial prerecorded message to apply for a credit card. (*Id.* ¶ 15.) Therefore, Plaintiff claims, the original phone call made to Plaintiff's telephone line was actually not exempt under 47 C.F.R. §64.1200(a)(7)(i). (Compl. ¶ 16.) As a result, Plaintiff contends, Defendant violated Section 227(b)(1)(B) of the TCPA when it placed the call to Plaintiff's telephone line which played a prerecorded message. (Compl. ¶¶ 18-21.)

That March 11, 2005 call made to Plaintiff's telephone has actually been the basis for two other class-action complaints. Plaintiff's roommate at the time of the call, Genevieve Dutriaux, filed the first complaint, on April 12, 2005, in the Southern District of New York ("*Dutriaux* Action"). *See Dutriaux v. Bank of Am., Nat. Ass'n*, No. 05-cv-3838 (S.D.N.Y. April 12, 2005).

---

[1] Although the Complaint actually states that the message contained "the information set forth in 47 C.F.R. § 64.1200(a)(6)," this Court assumes, for the purposes of this Opinion, that Plaintiff intended to cite 47 C.F.R. § 64.1200(a)(7)(i).

2

U.S. District Court Judge John G. Koeltl administratively closed the *Dutriaux* Action on December 1, 2008.  (*See* Dkt. No. 43-4.)

On March 10, 2009, Plaintiff filed the second action, in the Western District of North Carolina ("*Leyse I*"). (ECF Dkt. No. 43-6.)  U.S. Magistrate Judge Dennis Howell subsequently transferred *Leyse I* to the Southern District of New York for consolidation with the *Dutriaux* Action on September 1, 2009. *See Leyse v. Bank of Am., Nat. Ass'n*, No. 3:09-CV-97, 2009 WL 2855713, at *4 (W.D.N.C. Sept. 1, 2009) (holding that "[a]lthough this is technically an appropriate forum under Title 28, it is apparent that plaintiff has engaged in inappropriate forum shopping.").  However, *Leyse I* was not consolidated with the *Dutriaux* Action because the latter had previously been administratively closed.  *See Leyse v. Bank of Am., Nat. Ass'n*, No. 09 Civ. 7654 (JGK), 2010 WL 2382400 (S.D.N.Y. June 14, 2010).

On June 14, 2010, Judge Koeltl dismissed Plaintiff's Complaint against Defendant in *Leyse I* because "[Plaintiff] was not the called party and lacks standing to seek statutory damages from [Defendant] under the TCPA." *See id.* at *6.  The United States Court of Appeals for the Second Circuit subsequently affirmed Judge Koeltl's dismissal and the United States Supreme Court denied *certiorari*.  Motion Order, No. 10-2735 (2d Cir. Feb. 8, 2011), Dkt. No. 78, *cert. denied*, 132 S. Ct. 241 (U.S. 2011).

On December 5, 2011, Plaintiff filed the Complaint in this case ("*Leyse II*").  (*See generally* Compl.)  On July 18, 2012, this Court dismissed Plaintiff's Complaint with prejudice, finding that: (1) Plaintiff's claim was barred under collateral estoppel because Judge Koeltl dismissed *Leyse I* for lack of subject-matter jurisdiction, and (2) Plaintiff's complaint was time-barred. *Leyse v. Bank of Am., Nat. Ass'n*, No. CIV.A. 11-7128 SDW, 2012 WL 2952428, at *4-5 (D.N.J. July 18, 2012).

Plaintiff subsequently appealed this Court's decision to the Third Circuit and, on April 24, 2013, a Third Circuit panel affirmed this Court's Order dismissing *Leyse II*. *See Leyse v. Bank of Am., Nat. Ass'n*, 538 F. App'x 156, 158 (3d Cir. 2013). However, the Third Circuit then granted Plaintiff's motion for a panel rehearing and, on October 4, 2013, vacated this Court's Order and held that collateral estoppel does not bar this action because "[t]he Second Circuit's summary affirmance in [*Leyse I*] does not explicitly state the reason for the affirmance." *Id*. at 158-59. The Third Circuit further noted that the "surrounding circumstances . . . undermine the likelihood that the Second Circuit relied on the called-party issue" because it did not appear that that "issue was fully litigated in [*Leyse I*]. *Id*. Nonetheless, the Third Circuit then directed that "[o]n remand, if the District Court determines that [Plaintiff] lacks standing as a called-party, it would have to dismiss [Plaintiff's] complaint on that basis." *Id*. at 162.

On remand, Defendant again moved to dismiss the Complaint, this time arguing that: (1) Plaintiff lacked statutory standing as a called party under the TCPA; (2) Plaintiff failed to state a claim under the TCPA; and (3) dismissal was appropriate under the first-filed rule because the *Dutriaux* Action is still pending in the Southern District of New York. (*See* Def.'s Mem. Law Supp. Mot. Dismiss 2-3; Dkt. No. 23.) In addition, Defendant moved, in the alternative, to transfer the case to the Southern District of New York. (*See* Def.'s Mem. Law Supp. Mot. Dismiss at 3.) On September 8, 2014, this Court granted Defendant's second motion to dismiss, holding that "Leyse is not a 'called party' under the TCPA and thus lacks standing to bring this suit." *Leyse v. Bank of Am., Nat. Ass'n*, No. CIV.A. 11-7128 SDW/MCA, 2014 WL 4426325, at *6 (D.N.J. Sept. 8, 2014), *vacated*, 804 F.3d 316 (3d Cir. 2015). However, on October 14, 2015, the Third Circuit again reversed this Court's decision, holding that Plaintiff has statutory standing under the TCPA based on the allegations in the Complaint because "[h]is status as a regular user of the phone line

4

and occupant of the residence that was called brings him within the language of the Act and the zone of interests it protects." *Leyse*, 804 F.3d at 318.  In addition, the Third Circuit noted that "it is the actual recipient, intended or not, who suffered the nuisance or invasion of privacy [and] . . . . [t]he burden of proof will, therefore, be on Leyse in the District Court, to demonstrate that he answered the telephone when the robocall was received." *Id*. at 327.

Finally, on February 5, 2016, Defendant filed a Motion for Judgment on the Pleadings in this matter pursuant to Federal Rule of Civil Procedure 12(c).  (*See generally* Def.'s Br. Supp. Mot. J. Pleadings ("Def.'s Br. Supp.").)  Defendant argues in its Motion that Plaintiff's Complaint should be dismissed because: (1) Plaintiff lacks both statutory and Article III standing; (2) Plaintiff's Complaint shows that the March 11, 2005 call complied with the TCPA; and (3) this Court should exercise its discretion to dismiss Plaintiff's claim under the first-filed rule. (*See Id.*)

On April 20, 2016, this Court issued an Order holding this matter in abeyance in light of the U.S. Supreme Court's then-pending decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). (Dkt. No. 48.)  This Court subsequently directed the parties to submit supplemental briefing on the issue of whether Plaintiff has Article III standing. (Dkt. No. 49.)  The parties have since submitted supplemental briefs. (Dkt. Nos. 50-51, 54-55.)

## II.     LEGAL STANDARD

When a party files a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *See Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012) (citing *Allah v. Al–Hafeez,* 226 F.3d 247, 249 (3d Cir. 2000)).  The burden on such a motion is on the movant to establish that "there are no issues of material fact, and that he is entitled to judgment

5

as a matter of law." *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005) (citing *Soc'y Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir. 1980)).  Moreover, to the extent the motion argues that the plaintiff fails to state a claim upon which relief can be granted, the court "appl[ies] the same standards as under Rule 12(b)(6)."  *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013); *see also* Fed. R. Civ. P. 12(h)(2)(B).

Under the Rule 12(b)(6) standard, the movant bears the burden of establishing that the complaint has failed to sufficiently state a claim.  *Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 470 (3d Cir. 2011), *as amended* (Oct. 7, 2011).  In addition, "[a] court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  Furthermore, the question before the Court on such a motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 555 (2007)) (internal quotation marks omitted).  Although the plaintiff is not required to make "detailed factual allegations," the complaint must state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly,* 550 U.S. at 555) (internal quotation marks omitted).  In other words, "the pleaded factual content [must allow] the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662.

## III. DISCUSSION

As discussed above, Plaintiff's Complaint alleges that Defendant's March 11, 2005 call to Plaintiff's telephone violated Section 227(b)(1)(B) of the TCPA. (Compl. ¶¶ 18-21.) Section Section 227(b)(1)(B), which is concerned with the "use of automated telephone equipment," makes it "unlawful for any person within the United States . . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B). In addition, Section 227(b)(3) of the TCPA provides that "[a] person or entity may" bring an action to enjoin a violation of the TCPA or to recover actual damages or "$500 in damages for each such violation . . . ." *Id.* § 227(b)(3).

In light of these provisions, Defendant contends that Plaintiff's Complaint must be dismissed because Plaintiff lacks both constitutional and statutory standing. (Def.'s Br. Supp. 8-10.) In addition, Plaintiff contends that the Complaint fails to state a claim upon which relief can be granted because the March 11, 2005 call complied with the TCPA and other regulations. (*Id.* at 10-13.) Finally, Defendant contends that this Court should exercise its discretion to dismiss Plaintiff's Complaint under the first-filed rule. (*Id.* at 13-14.) This Court considers each of these arguments in turn.

### A. Standing

Defendant argues that Plaintiff lacks both statutory and constitutional standing to bring his claim under the TCPA. (*Id.* at 8-10.) Statutory standing is the issue of "whether Congress has accorded [a particular] injured plaintiff the right to sue the defendant to redress his injury." *Graden*

7

*v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007) (citing *In re Mehta*, 310 F.3d 308, 311 (3d Cir. 2002)).  It is simply a matter of statutory interpretation.  *Graden*, 496 F.3d at 295.

In contrast, constitutional standing deals with Article III, § 1 of the U.S. Constitution, which limits the jurisdiction of federal courts to "actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 37 (1976) (internal quotation marks omitted)).  "[Constitutional standing] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547 (first citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 473 (1982); then citing *Warth v. Seldin,* 422 U.S. 490, 498–499 (1975)).  To satisfy constitutional standing's requirements, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (first citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); then citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81. (2000)).  Moreover, under the injury-in-fact prong, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560).

Regarding statutory standing, the Third Circuit previously held in this matter that because the Complaint alleges that Defendant placed a call "to Leyse's residential telephone" line, he fits "squarely within the zone of interest" protected by the TCPA. *Leyse*, 804 F.3d at 327.  As the Third Circuit explained, "a regular user of the phone line who occupies the residence being called undoubtedly has the sort of interest in privacy, peace, and quiet that Congress intended to protect [through the TCPA]." *Id.* at 326.  Therefore, the Third Circuit found that it was error for this Court

8

to hold that Plaintiff lacked statutory standing under the TCPA at the motion to dismiss stage. *Id*. at 327. Although Defendant now argues that Plaintiff lacks statutory standing, at this stage of the proceedings, this Court must still "must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *See Allstate Prop. & Cas. Ins. Co.*, 667 F.3d at 390. Accordingly, at this stage, it would still be improper to dismiss Plaintiff's Complaint for lack of statutory standing.

The same is true regarding Article III standing. This Court recognizes, as the Third Circuit explained above, that "[i]t is the actual recipient, intended or not, who suffers the nuisance and invasion of privacy." *Leyse*, 804 F.3d at 326. At this stage of the proceedings, Plaintiff has alleged, and this Court accepts as true, that Plaintiff "received" the call at issue. (*See* Compl. ¶ 9.) Although it is true that to succeed on his claim, Plaintiff will be required to prove that he actually answered Defendant's call, at this point this Court may reasonably infer that he did.[2] *Allstate Prop. & Cas. Ins. Co.*, 667 F.3d at 390. As a result, Plaintiff has alleged sufficient factual matter to support his claim that, by using a prerecorded message to initiate a call to Plaintiff's telephone line, Defendant caused Plaintiff to suffer a nuisance and invasion of privacy which is both concrete and particularized.

B.   **Exemptions to the TCPA**

Defendant also argues that the Complaint fails to state a claim under Section 227(b)(1)(B) of the TCPA because paragraph 10 of the Complaint states that the prerecorded message Defendant played during the call at issue "contain[ed] the information set forth in [47 C.F.R.

---

[2] This Court reminds Plaintiff that to succeed on his TCPA claim, he will be required to prove that he, and not an answering machine, answered the call at issue. *See Leyse*, 804 F.3d at 326 (holding that "it is the actual recipient, intended or not, who suffered the nuisance or invasion of privacy [and] . . . . [t]he burden of proof will, therefore, be on Leyse in the District Court, to demonstrate that he answered the telephone when the robocall was received.") It should go without saying that simply showing Defendant called Plaintiff's telephone without showing that Plaintiff actually answered the call will also be insufficient.

9

§ 64.1200(a)(7)(i)]." (*See* Def.'s Br. Supp. 10-13.)  Specifically, Defendant contends that the Complaint fails to state a claim under the TCPA both because the Complaint *does not* allege that the call at issue "advertise[d] the commercial availability or quality of property, goods, or services[,]" and also, because the Complaint *does* allege that the prerecorded message Defendant played contained the information set for in 47 C.F.R. § 64.1200(a)(7)(i).  (*See* Def.'s Br. Supp. 10-13.)  However, for the reasons explained below, this Court finds that the Complaint alleges sufficient factual content to state a claim for violation of Section 227(b)(1)(B) of the TCPA.

As discussed above, Section 227(b)(1)(B) makes it "unlawful for any person within the United States . . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B).  The plain wording of this provision does not require that the delivered message be for any specific purpose. *Id.*  However, pursuant to authority Congress granted to the Federal Communications Commission (the "FCC"), the FCC created an exemption to Section 227(b)(1)(B) in 1992 which permits a "person or entity" to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message . . . [if the call] [i]s made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing . . . ." 47 C.F.R. § 64.1200(a)(3)(iii).  According to Defendant, this exemption applies to the call at issue because the call did not contain an "advertisement" as that term is defined in 47 C.F.R. § 64.1200(f)(1). (*See* Def.'s Br. Supp. 11.)  However, this argument ignores that the exemption from TCPA liability under 47 C.F.R. § 64.1200(a)(3)(iii) is inapplicable to calls which "constitute telemarketing."  Moreover, the term "telemarketing" is defined in the regulation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any

person." 47 C.F.R. § 64.1200(f)(12).  Insofar as the Complaint alleges the call at issue was made for the specific purpose of encouraging Plaintiff to apply for a credit card, (*See* Compl. ¶¶ 15-16), it sufficiently alleges facts to support a claim that Defendant's conduct violated Section 227(b)(1)(B) of the TCPA.  Furthermore, this analysis is unchanged by the fact that the Complaint states: "[u]pon the answering of the telephone call . . . [Defendant] played a prerecorded identification message containing the information set forth in [47 C.F.R. §64.1200(a)(7)(i)]" (Compl. ¶ 10.)

In addition to arguing that the exemption to the TCPA under 47 C.F.R. § 64.1200(a)(3)(iii) applies, Defendant also argues that the call at issue is exempt from the TCPA because it was an abandoned telemarketing call that complied with 47 C.F.R. § 64.1200(a)(7)(i). (Def.'s Br. Supp. 11-12.)  That provision provides that:

> (i) Whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:
>
> > (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number or any other number for which charges exceed local or long distance transmission charges, and
> >
> > (B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call.

47 C.F.R. § 64.1200(a)(7)(i).  Although it is true that paragraph 10 of the Complaint does state that "[u]pon the answering of the telephone call . . . [Defendant] played a prerecorded identification

11

message containing the information set forth in [47 C.F.R. §64.1200(a)(7)(i)][,]" the Complaint also explains that the number provided in the message did not allow Plaintiff to "make a do-not-call request during regular business . . . ." (*See* Compl. ¶¶ 12-16.)  Rather, the Complaint alleges that the telephone number provided simply led to what was, in essence, an advertisement for a credit card. (*Id.*)  Therefore, contrary to Defendant's assertions, the Complaint does not concede that the call at issue was subject to 47 C.F.R. § 64.1200(a)(7(ii).  As a result, the dismissal of Plaintiff's Complaint for failure to state a claim is not warranted.

        C.      **First-Filed Rule**

Under the first-filed rule, a district court has "'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Triangle Conduit & Cable Co. v. National Elec. Products Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942), *cert. denied,* 316 U.S. 676 (1942)).  According to Defendant, this Court must dismiss Plaintiff's Complaint under the first-filed rule because the *Dutriaux* Action was based on the same legal claim and the same underlying facts. (*See* Def.'s Br. Supp. 13-14.)  However, this Court finds that the first-filed rule is inapplicable here because, while the parties in this case are similar to those in the *Dutriaux* Action, the issues to be resolved in these cases are sufficiently distinct.

"To be considered parallel proceedings [under the first-filed rule,] '[t]he one must be materially on all fours with the other . . . . [T]he issues '"must have such an identity that a determination in one action leaves little or nothing to be determined in the other."'" *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir.1997)).  However, "wooden application of the rule" is not required and district courts have "discretion to retain jurisdiction given appropriate circumstances justifying

12

departure from the first-filed rule." *E.E.O.C.*, 850 F.2d at 972.  Indeed, "[t]he letter and spirit of the first-filed rule . . . are grounded on equitable principles." *Id.* at 977 (first citing *Columbia Plaza Corp. v. Security Nat. Bank,* 525 F.2d 620, 621 (D.C. Cir. 1975); then citing *Kerotest Mfg. Co. v. C–O–Two Co.,* 342 U.S. 180, 183–84 (1952)).

The first-filed rule is inapplicable in this instance because, although this matter is related to the *Dutriaux* Action, a resolution in one matter will not necessarily "leave[] little or nothing to be determined in the other." *Grider*, 500 F.3d at 334 (quoting *Smith*, 129 F.3d at 361) (internal quotation marks omitted).  First, if Dutriaux is found not to have answered the call at issue, it does not necessarily follow that Plaintiff *did* answer the call.  Second, even if Dutriaux was found to have answered the call, it does not necessarily follow that Plaintiff *did not*.[3]

Moreover, it would be inequitable to apply the first-filed rule in this instance because the *Dutriaux* Action was closed nearly eight years ago. (*See* Dkt. No. 43-4.)  Although the matter was administratively closed, this Court will not hypothesize about whether the *Dutriaux* Action will ever be reopened.  As a result, the first-filed rule will is inapplicable and dismissal of Plaintiff's Complaint is unwarranted.

## IV.     CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is **DENIED**.  An appropriate order follows.

s/ *Susan D. Wigenton*<br>
**SUSAN D. WIGENTON**<br>
**UNITED STATES DISTRICT JUDGE**

---

[3] For example, it is possible that Dutriaux and Plaintiff could have both answered the same call on different phones connected to the same telephone line. *See Leyse*, 804 F.3d at 326 n.14 (noting that "we see no reason why the statutory sum could not be divided among the injured *parties.*" (emphasis added)).

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
Parties