# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

March 22, 2019

### LETTER OPINION-ORDER

**Re:   Leyse v. Bank of America. N.A.
       Civil Action No. 2:11-cv-7128 (SDW)(SCM)**

Dear Counsel:

Before the Court is non-party DialAmerica Marketing, Inc.'s ("DialAmerica") letter requesting clarification of its obligations "to diligently work towards compliance with plaintiff Leyse's subpoena and … to produce the Court-ordered discovery and to inform both counsel … and this Court when DialAmerica's costs … reach $21,866.67."[1] DialAmerica contends that "it is not reasonable to expect that [it] will be able to complete in less than three weeks [by April 5, 2019] what the previously-filed Bardwell Declaration stated will take approximately six months to complete."[2] The Court will treat DialAmerica's letter as an informal motion to extend its time for compliance.

---

[1] (ECF Docket Entry No. ("D.E.") 182). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (*Id.*).

**I.     BACKGROUND & PROCEDURAL HISTORY**

Mr. Leyse's discovery campaign with DialAmerica began in or about July 2017.[3] Discovery was supposed to end on November 30, 2017.[4] However, the Court granted Mr. Leyse several extensions to complete limited and specific discovery with DialAmerica. After much motion practice, the Court ordered DialAmerica to comply with the subpoena on November 27, 2018.[5]

DialAmerica requested a stay pending appeal.[6] The request was denied.[7] Therefore, DialAmerica was required to begin its compliance on November 27, 2018. Instead, DialAmerica made no effort to comply.

On January 25, 2019, the Court learned of DialAmerica's non-compliance from its counsel. It was then that the Court also learned of Mr. Leyse's complicity in the non-compliance. The Court responded by establishing a sixty-day deadline to complete the discovery and then extended the deadline to April 5, 2019.[8]

---

[3] (D.E. 102, Letter, at 4–5).

[4] (D.E. 114, Order).

[5] (D.E. 155, Discovery Order).

[6] (D.E. 156, Letter).

[7] (D.E. 158, Order Denying Stay).

[8] (D.E. 168, Text Order) ("Plaintiff has sixty-days to complete non-party discovery"); (D.E. 174, Order Denying Mr. Leyse's Motion to Stay).

On March 14, 2019, Mr. Leyse's counsel informed the Court of DialAmerica's 'belief' that the April 5th deadline did not apply to it. So, the Court issued an order making even clearer that it did apply.[9]

## II. **LEGAL STANDARD**

Subpoenas served upon a non-party are governed by the Federal Rules of Civil Procedure.[10] Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands."[11] The Rule further provides that a person or entity subject to a subpoena must be afforded "a reasonable time to comply."[12]

Applications for an extension must be made in writing,[13] and courts may extend almost any deadline for "good cause" if a request is made before the time for compliance expires.[14] "A determination of good cause depends on the diligence of the moving party"[15] where "[t]he moving party has the burden of demonstrating that 'despite its diligence, it could not reasonably have met

---

[9] (D.E. 181, Order).

[10] *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

[11] Lefta Assocs. v. Hurley, No. 09-2487, 2011 WL 1793265, *2 (M.D.Pa. May 11, 2011).

[12] Fed. R. Civ. P. 45(d)(3)(A)(i).

[13] L. Civ. R. 6.1(a).

[14] Fed. R. Civ. P. 6(b)(1)(A).

[15] *Spring Creek Holding Co. v. Keith*, No. 02-376, 2006 WL 2403958, at *3 (D.N.J. 2006) (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. 2005)).

the scheduling order deadline.'"[16] Further, the absence of prejudice to the nonmovant does not demonstrate good cause.[17]

It must also be noted that Rule 1 commands that all rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[18]

## III.  DISCUSSION & ANALYSIS

DialAmerica has been afforded over four months to comply with the subpoena. Compliance was required to begin on November 27, 2018 and the deadline for completion is April 5, 2019. DialAmerica bears the burden of showing that it has been diligent during this entire period and despite its diligence, it cannot comply within the time allotted.

DialAmerica has miscalculated. Its argument relies upon two faulty premises—that it could ignore the Court's November 27th Order until the Court prescribed a fixed deadline and that DialAmerica alone could determine the pace (or diligence) of its compliance efforts.

First, the Court ordered DialAmerica to comply on November 27, 2018. If that order was insufficient to kickstart DialAmerica's efforts, the order denying its request for a stay pending appeal should have sufficed.

Second, DialAmerica relies upon the Declaration of Michael R. Bardwell to support its contention that "it is not reasonable [for the Court] to expect that DialAmerica will be able to

---

[16] *Id.* (quoting *Hutchins v. United Parcel Service, Inc.*, No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. 2005)).

[17] *GlobespanVirata, Inc.*, 2005 WL 1638136, at *3.

[18] Fed. R. Civ. P. 1.

4

complete in less than three weeks," by April 5, 2019 what was previously expected to "take approximately six months."[19] Mr. Bardwell is a Vice President at DialAmerica.[20] He estimated that it would take DialAmerica a total of 165 man-hours to identify the putative class members.[21] One dedicated employee working 35 hours per week could have completed the entire task in less than five weeks. In fact, the task could have been completed three times in the last 16 weeks or once over the four-plus months allotted.

DialAmerica has since forfeited a lengthy period of compliance. So, the fact that Mr. Bardwell proposed a leisurely schedule where a single employee would dedicate one hour a day for the first 15 weeks and then three hours per day over the next eight weeks[22] does not persuade the Court that the task could not be completed on time. In sum, DialAmerica has not shown good cause for any extension, let alone one for 20 weeks.

Nevertheless, the Court will generously extend DialAmerica's time for completion by 17 days and impose a reporting requirement for each milestone. DialAmerica shall devote all necessary resources to ensure that it completes the discovery by or before the Court's revised schedule.

An appropriate order follows:

---

[19] (D.E. 182).

[20] (D.E. 108-1, Bardwell Declaration, at ¶ 1).

[21] (*Id.*, at ¶¶ 6–11).

[22] (*Id.*).

# ORDER

**IT IS** on this Friday, March 22, 2019,

1. **ORDERED**, that DialAmerica shall complete the data retrieval and restoration no later than March 28, 2019, and report completion to the Court in writing within 24 hours;[23] and it is further

2. **ORDERED**, that DialAmerica shall complete its search and separation of the call records no later than April 4, 2019, and report completion to the Court in writing within 24 hours;[24] and it is further

3. **ORDERED**, that DialAmerica shall complete its search of the records for specific fields no later than April 10, 2019, and report completion to the Court in writing within 24 hours;[25] and it is further

4. **ORDERED**, that DialAmerica shall complete its search for all calls resulting in an abandoned call no later than April 16, 2019 and report completion to the Court in writing within 24 hours;[26] and it is further

5. **ORDERED**, that DialAmerica shall complete its remaining compliance efforts no later than April 22, 2019, and report completion to the Court in writing within 24 hours;[27] and it is further

6. **ORDERED**, that DialAmerica shall provide the Court with an affidavit of costs when its

---

[23] (*Id.*, at ¶ 6).

[24] (*Id.* at ¶ 8).

[25] (*Id.* at ¶ 9).

[26] (*Id.* at ¶ 10).

[27] (*Id.* at ¶¶ 10–11).

costs of compliance have reached $21,866.67; and it is further

7. **ORDERED**, that DialAmerica shall provide the Court with a supplemental affidavit of its total costs of compliance with its final report of completion; and it is further

8. **ORDERED**, that the discovery end date is extended to April 22, 2019.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/22/2019 1:58:38 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
File