UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MARK LEYSE, <br><br> Plaintiff, <br><br> v. <br><br> BANK of AMERICA NATIONAL ASSOCIATION, <br><br> Defendants. | Civil Action No. <br><br> 2:11-cv-7128-SDW-SCM <br><br> **OPINION AND ORDER ON INFORMAL MOTION TO REOPEN DISCOVERY** <br><br> **[D.E. 196]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Plaintiff Mark Leyse's ("Mr. Leyse") informal motion to reopen discovery against non-party DialAmerica Marketing, Inc. ("DialAmerica").[1] DialAmerica opposes.[2] The Court has reviewed the respective submissions and decides the issues without oral argument.[3] For the reasons set forth herein, the Court **DENIES** Mr. Leyse's motion.

I. **BACKGROUND AND PROCEDURAL HISTORY**[4]

This action arises from allegations that Bank of America violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and the regulation, 47 U.S.C. § 64.1200(a)(2), by placing

---

[1] (ECF Docket Entry No. ("D.E.") 196 & 200, Pl.'s Letters). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 199, DialAmerica's Letter).

[3] Fed. R. Civ. P. 78.

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

a prohibited promotional voice call to a residential telephone line.[5] Mr. Leyse claims that he received that prerecorded voice call on or about March 11, 2005 from DialAmerica on behalf of Bank of America.[6]

That call was the basis for two prior class-action complaints.[7] Mr. Leyse's roommate at the time of the call, Genevieve Dutriaux, filed the first complaint on April 12, 2005 in the Southern District of New York.[8] The second action was filed by Mr. Leyse himself on March 10, 2009 ("*Leyse I*") in the Western District of North Carolina.[9] *Leyse I* was transferred to the Southern District of New York and dismissed on June 14, 2010.[10]

Mr. Leyse then filed this action on December 5, 2011.[11] In October 2013, the Third Circuit found that "[b]ecause Leyse was a putative member of th[e] alleged class [in his roommate's action], the statute of limitations on his claim was tolled from [April 12, 2005] until the case was administratively closed on December 1, 2008."[12] Mr. Leyse's Amended Complaint, filed in July 2017, also claims that he received the prerecorded voice on or about March 11, 2005,[13] but defines

---

[5] (*See generally* D.E. 1, Compl.; D.E. 93-1, Am. Compl.).

[6] (D.E. 93-1, Am. Compl., at ¶¶ 8–10, 13).

[7] (D.E. 56, Opinion, at 2).

[8] (*Id.*).

[9] (*Id.*, at 3).

[10] (*Id.*).

[11] (*See generally* D.E. 1, Compl.).

[12] *Leyse v. Bank of Am., Nat. Ass'n*, 538 F. App'x 156, 162 (3d Cir. 2013).

[13] (D.E. 93-1, Am. Compl., at ¶¶ 8–9, 13).

the "Class Period" as the "time during the period beginning four years prior to the commencement of this action and continuing until the present."[14]

Mr. Leyse began his campaign of discovery against non-party DialAmerica in or about July 2017.[15] Discovery was supposed to end on November 30, 2017.[16] However, the Court granted Mr. Leyse several extensions to complete limited and specific discovery with DialAmerica.

On November 27, 2018, the Court ordered DialAmerica to comply with Mr. Leyse's subpoena.[17] However, the Court was informed on January 25, 2019 that no discovery had been completed since at least November 2018.[18] Thereafter, the Court ordered that the remaining non-party discovery be completed within sixty days.[19] The Court then extended the end date a final time to April 22, 2019.[20] Mr. Leyse raised the present dispute on May 9, 2019.[21]

## II. <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[22] This District specifies that magistrate judges may determine all non-dispositive pre-trial

---

[14] (D.E. 93-1, Am. Compl., at ¶ 1).

[15] (D.E. 102, Letter, at 4–5).

[16] (D.E. 114, Order).

[17] (D.E. 155, Discovery Order).

[18] (D.E. 170, Tr. dated January 25, 2019, at 25).

[19] (D.E. 168, Text Order).

[20] (D.E. 183, Order, at ¶ 8).

[21] (D.E. 196, Pl.'s Letter).

[22] 28 U.S.C. § 636(b)(1)(A).

motions which includes discovery motions.[23] Decisions by magistrate judges must ordinarily be upheld unless "clearly erroneous or contrary to law,"[24] but where the decision concerns a discovery dispute the ruling "is entitled to great deference and is reversible only for abuse of discretion."[25]

### III.  LEGAL STANDARD

A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action."[26] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[27] Non-party discovery, however, requires an even stronger showing of relevance than typical party discovery.[28]

Then, as here, if the time for obtaining discovery has expired, the party seeking to re-open discovery must demonstrate good cause.[29] "A determination of good cause depends on the diligence of the moving party" where "[t]he moving party has the burden of demonstrating that

---

[23] L. Civ. R. 72.1(a)(1); 37.1.

[24] § 636(b)(1)(A).

[25] *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

[26] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

[27] Fed. R. Evid. 401.

[28] Stamy v. Packer, 138 F.R.D. 412, 419 (D.N.J.1990); *see also N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc., et al.*, No. 12-5610, 2014 WL 4352327, at *3 (D.N.J Sept. 2, 2014).

[29] Fed. R. Civ. P. 16(b)(4); *see also Grossbaum v. Genesis Genetics Inst., LLC*, No. 07-1359, 2010 WL 3943674, at *2 (D.N.J. Oct. 6, 2010) (citations and quotations omitted); *GlobespanVirata Inc. v. Texas Instruments Inc.,* No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005); *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

despite its diligence, it could not reasonably have met the scheduling order deadline."[30] Good cause does not exist upon a showing of lack of prejudice to the nonmovant.[31]

In evaluating whether discovery should be reopened, courts consider the following factors: "(1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical burdens and benefits of re-opening discovery, [and] (4) prejudice to the nonmoving party."[32]

## IV. DISCUSSION AND ANALYSIS

Mr. Leyse seeks an order reopening fact discovery regarding telemarketing calls in each year from 2003 to 2011.[33] He argues that this period is relevant because his discovery requests directed at Bank of America and his subpoena served upon DialAmerica sought information and records for this period.[34] Nonetheless, the polestar of discovery is relevance to a party's claim or defenses,[35] not their discovery wishes.

---

[30] *Spring Creek Holding Co. v. Keith*, No. 02-376, 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006); *GlobespanVirata, Inc.*, 2005 WL 1638136, at *3; *Hutchins v. United Parcel Service, Inc.*, No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. 2005).

[31] *GlobespanVirata, Inc.*, 2005 WL 1638136, at *3 (citations omitted).

[32] *J.G. v. C.M.,* No. 11-2887, 2014 WL 1652793, at *2 (D.N.J. Apr. 23, 2014).

[33] (D.E. 196, Pl.'s Letter).

[34] (D.E. 196 & 200, Pl.'s Letters).

[35] Fed.R.Civ.P. 26(b)(1). *See Watson v. Sunrise Sr. Living Servs., Inc.*, No. 10-230, 2013 WL 103966, at *17 (D.N.J. Jan. 8, 2013).

A. Records 2003 to December 4, 2007

The Amended Complaint defines the Class Period as the "time during the period beginning four years prior to the commencement of this action and continuing until the present."[36] The Complaint was filed in 2011, and thus, the Class Period is December 5, 2007 to the present. There is no mention in the Amended Complaint of any call prior to December 5, 2007 other than the March 11, 2005 call received by Mr. Leyse. Mr. Leyse has not provided the Court with any information to support the relevance of records prior to 2007. Consequently, Mr. Leyse has not satisfied his burden to show that telemarketing records prior to December 5, 2007, other than the call he received, are relevant to the claims in this suit, and he cannot demonstrate that good cause exists to reopen discovery for these records. His motion to reopen discovery for telemarketing records prior to December 5, 2007, with the one exception, will therefore be **DENIED**.

B. Records December 5, 2007 to 2008

DialAmerica asserts that its records from 2007 and 2008 were corrupted and are not retrievable. In 2013, DialAmerica transferred its data from magnetic tapes, where the data was originally maintained, to disk drives, but some of the data did not transfer due to corruption. This occurred well before Mr. Leyse sought any discovery from DialAmerica though he was aware of their involvement from the outset. As discussed above, the calls records from 2007, except those after December 5, 2007, are not even relevant to this action as they occurred prior to the Class Period.

---

[36] (D.E. 93-1, Am. Compl., at ¶ 1). *Compare Leyse v. Bank of Am., N.A..*, 538 F. App'x 156, 162 n.6 (3d Cir. 2013) (explaining that whether the appropriate statute of limitations for TCPA claims is supplied by state or federal law appears to be an open question in the Third Circuit), *with Hawk Valley, Inc. v. Taylor*, No. 10-00804, 2012 WL 1079965, at *7 (E.D. Pa. Mar. 30, 2012) (holding that a TCPA claim subject to the federal four-year "catch-all" statute of limitations).

For the records that would be relevant, Mr. Leyse has not demonstrated good faith and diligence in obtaining these records, especially because he waited such a significant time before requesting them, and he fails to appreciate the logistical burdens of reopening discovery at such a late stage in the proceedings. The Court notes the prejudice to DialAmerica if the Court reopened discovery due to its status as a non-party and its already lengthy production in response to Mr. Leyse's subpoena. Mr. Leyse has not provided any reasonable basis for a computer-forensics expert to examine records. DialAmerica provided an affidavit explaining the corruption of the calls from 2007 to 2008,[37] and this affidavit is proportional to the needs of this case, unlike an investigation by a computer-forensics expert. As such, Mr. Leyse's motion to reopen discovery for telemarketing records for the years 2007 and 2008 will therefore be **DENIED**.

C. Records 2008 to 2011

Mr. Leyse argues that he only recently learned that DialAmerica has no telephone calls for Bank of America after 2008 because that is when the telemarketing campaign ended. He relies on DialAmerica's Affidavit of Costs, filed on April 23, 2019, which states, "DialAmerica's relationship with Bank of America ended in June, 2008. DialAmerica does not have any data for outbound calls relating to Bank of America for the period subsequent to 2008 through December 31, 2011, which is the end of the period covered by Leyse's subpoena."[38]

DialAmerica counters that Mr. Leyse should have learned that information from Bank of America. The Court agrees and does not find good cause to reopen discovery because Mr. Leyse has not met his burden to show that he acted diligently. Mr. Leyse's reliance on the end date of December 31, 2011 stems from Bank of America's representation in its answers to Mr. Leyse's

---

[37] (D.E. 206, Aff. Of Dee Booth).

[38] (D.E. 192, Aff. of Costs, at ¶ 2, n.1).

amended first set of interrogatories. Mr. Leyse admits that Bank of America "represented that 'Promotional Calls' had been made until December 31, 2011,"[39] but now seeks discovery from non-party DialAmerica to determine the truth of the matter. It is of no moment that DialAmerica relied on December 31, 2011 when it objected to the subpoena and sought protection from the Court because the subpoena sought that discovery, DialAmerica continued to have a business relationship with Bank of America in 2011, and Bank of America represented December 31, 2011 as the end date. Mr. Leyse carries the burden here, not DialAmerica.

Mr. Leyse did not act diligently in obtaining the discovery. The parties' discovery plan contemplated completing fact discovery by July 7, 2017.[40] Though DialAmerica was identified as a witness in the Complaint in 2011, Mr. Leyse did not even begin to seek discovery from DialAmerica until July 2017. Then, after the Court granted Mr. Leyse's motion to enforce his subpoena against DialAmerica, he did not engage in discovery for several months. Mr. Leyse has not acted diligently and fails to appreciate the logistical burdens of reopening discovery. As such, Mr. Leyse's motion to reopen discovery will therefore be **DENIED**.

V. <u>**CONCLUSION**</u>

For the foregoing reasons, this Court **DENIES** Mr. Leyse's informal motion to reopen discovery.

An appropriate Order follows:

---

[39] (D.E. 200, Pl.'s Letter, at 2).

[40] (D.E. 59-1 at 5, JDP).

# ORDER

**IT IS** on this Friday, June 14, 2019,

1. **ORDERED**, that Mr. Leyse's informal motion to reopen discovery is **DENIED**; and it is further

2. **ORDERED**, that counsel shall confer and file a joint proposed briefing schedule for Mr. Leyse's class certification motion within 7 days.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/14/2019 10:40:03 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File