NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td>CHAMBERS OF<br><strong>SUSAN D. WIGENTON</strong><br>UNITED STATES DISTRICT JUDGE</td><td>MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903</td></tr>
</table>

August 12, 2019

Nagel Rice, LLP
Greg M. Kohn, Esq.
103 Eisenhower Parkway
Suite 103
Roseland, New Jersey 07068
*Counsel for Plaintiff*

Orloff, Lowenbach, Stifelman & Siegel, P.A.
Jeffrey M. Garrod, Esq.
44 Whippany Road
Suite 100
Morristown, New Jersey 07960
*Counsel for Non-Party DialAmerica Marketing, Inc.*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:     **Leyse v. Bank of America, National Association**
        **Civil Action No. 11-7128 (SDW) (SCM)**

Counsel:

Before this Court is Plaintiff Mark Leyse's ("Plaintiff") Appeal of Magistrate Judge Steven C. Mannion's ("Judge Mannion") June 14, 2019 Opinion and Order, which denied Plaintiff's informal motion to reopen discovery against non-party DialAmerica Marketing, Inc. ("DialAmerica"). This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, **AFFIRMS** Judge Mannion's June 14, 2019 Opinion and Order.

## I.     STANDARD OF REVIEW

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines*

*v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992).[1] "Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate." *World Express & Connection, Inc. v. Crocus Inv., LLC*, No. 15-8126, 2018 WL 4616069, at *2 (D.N.J. Sept. 26, 2018) (citing *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. Mar. 15, 2012)). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citations and internal quotation marks omitted).

## II.     DISCUSSION[2]

The parties to this suit first appeared for a Rule 16 conference before Judge Mannion on December 12, 2016, at which time the magistrate judge issued a scheduling order that permitted "[f]act discovery as to . . . class certification . . . to remain open through 4/28/2017." (ECF No. 68 ¶ 2.) Plaintiff "began his campaign of discovery against non-party DialAmerica in or about July 2017." (ECF No. 209 at 3.) After a protracted period, on March 22, 2019, Judge Mannion issued a Letter Opinion-Order, ordering a discovery end date of April 22, 2019. (ECF No. 183 at 7.)

On May 9, 2019, Plaintiff wrote a letter to the court effectively requesting to reopen discovery against DialAmerica. (ECF No. 196.) At Judge Mannion's direction, DialAmerica responded to Plaintiff's letter request on May 15, 2019 and also filed an affidavit on June 11, 2019 addressing the corruption of call records for the years 2007 and 2008. (ECF Nos. 197, 199, 204, 206.) Pursuant to his Opinion and Order dated June 14, 2019, Judge Mannion denied Plaintiff's letter request, which the magistrate construed as an informal motion to reopen discovery. (ECF No. 209.) On June 28, 2019, Plaintiff filed the instant appeal from the June 14, 2019 Opinion and Order. (ECF No. 212.) DialAmerica opposed on July 22, 2019, and Plaintiff replied on July 29, 2019. (ECF Nos. 216-17.)

This Court finds that Judge Mannion's decision to deny Plaintiff's request for additional discovery from DialAmerica was neither clearly erroneous nor contrary to law, and there was no abuse of discretion that necessitates reversal of the June 14, 2019 Opinion and Order. *See Ebert v. Twp. of Hamilton*, No. 15-7331, 2017 WL 4546269, at *2 (D.N.J. Oct. 11, 2017) (explaining that a magistrate judge's ruling as to a discovery dispute "is entitled to great deference and is reversible only for abuse of discretion"). Plaintiff has not demonstrated the relevance of records

---

[1] A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).
[2] This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant appeal.

pre-dating the class period as defined in his Amended Complaint, let alone provided a clear reason for his delay in requesting the information sought. *See Grossbaum v. Genesis Genetics Inst., LLC*, No. 07-1359, 2010 WL 3943674, at *2 (D.N.J. Oct. 6, 2010) ("A party seeking to reopen discovery bears the burden of demonstrating that despite its diligence, it could not reasonably have met the scheduling order deadline." (citations and internal quotation marks omitted)). The magistrate judge's decision justifiably denied Plaintiff additional time to "fish" for a claim after the close of discovery.

### III.  CONCLUSION

For the reasons set forth above, Judge Mannion's June 14, 2019 Opinion and Order, which denied Plaintiff's informal motion to reopen discovery against DialAmerica, is **AFFIRMED**. An appropriate Order follows.

   /s/ Susan D. Wigenton   
SUSAN D. WIGENTON, U.S.D.J.

Orig:  Clerk
cc:    Parties
       Steven C. Mannion, U.S.M.J.